IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DOE 1, by Doe 1's next friend and parent,<br>DOE 2, who also sues on DOE 2's own behalf,<br><br>PLAINTIFFS,<br><br>v.<br><br>SCHOOL BOARD OF GILES COUNTY,<br><br>DEFENDANT. | CASE No. 7:11-cv-00435-MFU |

**DEFENDANT SCHOOL BOARD OF GILES COUNTY'S
BRIEF IN OPPOSITION TO MOTION FOR LEAVE TO PROCEED USING
PSEUDONYMS AND FOR PROTECTIVE ORDER**

Defendant, School Board of Giles County, by and through its attorneys of record, submit the following Brief in Opposition to Plaintiffs' Motion for Leave to Proceed Using Pseudonyms and for a Protective Order:

**INTRODUCTION**

Plaintiffs are asking this Court to give them the benefits of suing the School Board without any of the attendant obligations. Plaintiffs claim that they will suffer harassment and retaliation if forced to identify themselves, but offer no facts to support that claim. Instead, they refer to hearsay statements in email messages purportedly received by and directed to their attorneys, the ACLU of Virginia and the Freedom from Religion Foundation ("FFRF"). (Memorandum in Support, pp. 8-9, Exhibits 5-11). Nothing provided in support of Plaintiffs'

1

motion demonstrates any animus toward the individual plaintiffs, nor any threat to their safety or well-being. Instead, the hearsay evidence, even if admitted by this Court and assumed to be true (which they should not be), would demonstrate only that the senders of the electronic mail messages disagree with or have strong opinions against the position taken by the ACLU and FFRF in challenging the School Board's displays. Neither Plaintiffs nor their attorneys assert that the hearsay statements in the e-mail messages qualify under any exception to Federal Rule of Evidence 802 or could qualify as non-hearsay since Plaintiffs are obviously asking this Court to accept the evidence for the truth of the matters asserted in the correspondence. Neither of the Declarations offered by Plaintiffs provides sufficient facts to demonstrate a genuine threat of retaliation or other harm that might befall them should their identities be revealed.

Doe 2 states that he or she fears that he or she and his or her child *might be subjected* to ostracism, harassment or threats based only upon the fact that certain members of the community have expressed strong opinions about the Ten Commandments. (Declaration of Doe 2, p. 2). He or she also alludes to the hearsay statements submitted by counsel and claims that because of those statements *directed to the ACLU and FFRF* he or she fears that *he or she might* receive similar comments if his or her name is known. (Declaration of Doe 2, p. 2). Doe 2 also states that hundreds of Giles County residents have expressed views in support of the Ten Commandments, without connecting those exercises of free speech with his or her personal safety and protection. (Declaration of Doe 2, p. 2).

Similarly, Doe 1, who Plaintiffs assert is Doe 2's child, does not offer any facts that show any potential threat to his or her health, safety or well-being if his or her identity is revealed, even by initials. (Declaration of Doe 1, pp. 1-2). Instead, as is true with his or her parent, Doe 1 merely states that he or she *believes* he or she *might* encounter ostracism or harassment because

2

people in the community have different views. (Declaration of Doe 1, pp. 1-2). Doe 1 claims ina conclusory fashion that some of his or her fellow students are "intolerant" of people of different religious faiths, but does not indicate that he or she is of another religious faith or has been personally subjected to harassment by other students. (Declaration of Doe 1, pp. 1-2). As was true with Doe 2, Doe 1 states that other people in the community have passionate feelings about the Ten Commandments, but does not attempt to link those feelings to any particularized harm or threat of harm to Doe 1. (Declaration of Doe 1, pp. 1-2).

The hearsay evidence and conclusory and speculative assertions in declarations do not provide this Court with sufficient evidence to depart from the presumption of openness of judicial proceedings. Furthermore, the overbreadth of Plaintiffs' proposed protective order goes far beyond what would be permitted even if Plaintiffs had provided sufficient evidence to proceed anonymously. Plaintiffs are seeking complete relief from having to testify at trial or any other proceeding and to prevent the School Board from adequately defending against the lawsuit by preventing release of the identity of Plaintiffs to the School Board, thereby depriving them of the ability to effectively assist their counsel in defending against Plaintiffs' claims. While that might be advantageous from Plaintiffs' standpoint, it places the School Board at an unfair disadvantage that cannot be justified by the scant evidence provided by Plaintiffs.

Consequently, the School Board suggest that Plaintiffs' motion be denied and that they be required to provide identifying information. The School Board also requests that the request for the protective order set forth by Plaintiffs be denied.

## LEGAL ARGUMENT

Plaintiffs are asking this Court to excuse them from the requirement under Federal Rule of Civil Procedure 10(a) that the parties identify themselves in their pleadings, which memorializes the principle that judicial proceedings, both civil and criminal, are to be conducted in public. *Doe v. Blue Cross & Blue Shield of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) (citing *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 580 and n. 17 (1980); *Gannett Co. v. DePasquale,* 443 U.S. 368, 386 n. 15 (1979)). "Identifying the parties to the proceeding is an important dimension of publicness." *Id.* The people have a right to know who is using their courts. *Id.* Consequently, the use of fictitious names is disfavored and should not be granted automatically, even if the opposing party does not object. *Id.* As the Fourth Circuit said in *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), the privilege of suing under a fictitious name should not be granted automatically. The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify departing from the normal method of proceeding in federal courts. *Id.* Plaintiffs have not demonstrated any such exceptional circumstances here.

In *James*, the Fourth Circuit emphasized that while the presumption of openness of judicial proceedings is not a license to deny anonymity, neither is the availability of pseudonymous pleadings a license to avoid some of the discomfort associated with bringing a lawsuit. *Id.* at 238. "The rule rather is that under appropriate circumstances anonymity may, as a matter of discretion, be permitted. This simply recognizes that privacy or confidentiality concerns are *sometimes sufficiently critical* that parties or witnesses should be allowed this *rare dispensation.*" *Id.* (emphasis added). Plaintiffs are asking this Court to ignore its judicial duty

4

and to permit them to proceed anonymously based upon nothing more than speculation and inadmissible hearsay. Clearly, this Court cannot do so. As the *James* court said, this Court must look at

> whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* Plaintiffs claim that these factors weigh in favor of anonymity, but the evidence (or lack thereof) shows otherwise.

Plaintiffs claim that they are seeking anonymity to "preserve privacy in a matter of sensitive and highly personal nature," *i.e.,* religious beliefs, yet admit that their religious beliefs are not germane to the litigation. (Memorandum in Support, p. 3). Instead, Plaintiffs claim that "the nature of the controversy" will result in publicizing their religious beliefs or the public's speculation about their religious beliefs. (Memorandum in Support, p. 3). Plaintiffs admit that they will not have to state their privately held religious beliefs, but will have to state their beliefs about the proper interaction between religion and government to prove standing, and that somehow revealing their beliefs about government and religion will invade their privacy. (Memorandum in Support, p. 3). These statements point to a mere desire to avoid the annoyance and criticism that accompany virtually any litigation. That is not sufficient to support the extraordinary relief that Plaintiffs request.

Similarly, Plaintiffs fail to establish that identification would pose a risk of retaliatory physical or mental harm *to them* or to innocent third parties. Plaintiffs submit hearsay,

5

unauthenticated e-mail messages that they purport were sent from Giles County residents to the ACLU and FFRF expressing anger at the organizations' position on the Ten Commandments. Even if the statements were admissible (which they are not), they would not prove that *Plaintiffs* have been threatened with physical or mental harm, only that their lawyers have received such messages. Plaintiffs' Declarations fare no better. Plaintiffs state that they are aware of the messages sent to their attorneys and of some community members' reactions to the organizations' actions, but do not assert that any such reactions have been or are threatened to be directed *at them*. Plaintiffs are asking this Court to permit them to remain anonymous so that they will not have to encounter people who might disagree with them in a rather heated manner. Avoiding such inconvenience does not rise to the level of harm sufficient to justify a rare dispensation from the requirements of Rule 10(a). *See, James*, 6 F.3d at 238. Plaintiffs' "parade of horribles" recounting problems that have befallen other plaintiffs who have challenged governmental actions does nothing to demonstrate that *these Plaintiffs* face retaliation, harassment or other harm. (Memorandum in Support, pp. 4-6).

As a minor, Doe 1 may be identified solely by his or her initials under Fed. R. Civ P. 5.2. However, that rule does not apply to his or her parent, Doe 2. Plaintiffs claim not only that Doe 2 should be permitted to fall under the same rule as Doe 1, but that even that rule should be circumvented so that they may proceed only as "Does." (Memorandum in Support, p. 10). Citing the population at Narrows High School and census data on the number of people living in Giles County, Plaintiffs claim that even using their initials will somehow not protect them from being identified in the community. (Memorandum in Support, p. 10). Plaintiffs do not explain how a particular combination of 26 letters in the alphabet will be able to identify two of more than 17,000 people in Giles County, or even one of more than 200 people at Narrows High School.

6

Since they have failed to demonstrate sufficient facts to proceed under a pseudonym, they certainly cannot prove that even using initials would be harmful. Again, Plaintiffs cite to examples of problems that befell other Plaintiffs without offering any connection between those cases and the facts of this case.

Plaintiffs cite the general propositions that when a government body is the defendant then courts are more likely to permit pseudonymous pleading, but offer no evidence that the general proposition should apply to the specific facts of this case. (Memorandum in Support, p. 11). They cite the Eastern District's statement that the filing of an action challenging the constitutional validity of government action generally involves no injury to the government's reputation while an action against a private party can result in damage to the private party's reputation as well as economic harm, and simply conclude that since the School Board is a governmental agency this factor favors anonymity. (Memorandum in Support, p. 11, citing *Doe v. Mertin*, 219 F.R.D. 387, 394 (E.D. Va. 2004)). The simple fact that the School Board is not a private party does not give Plaintiffs a free pass at having to actually demonstrate that the facts of this case require anonymity. They offer no admissible facts to suggest that the identity of Defendant as a government entity automatically means that the identity of Plaintiffs may remain anonymous. Even where the defendant is a government entity, Plaintiffs still carry the burden of proof. They have failed to meet that burden here, and their motion should be denied.

Finally, Plaintiffs claim that there will be no harm to the School Board if they are allowed to skirt Rule 10(a) and proceed anonymously because the School Board regularly takes actions that affect a lot of people. (Memorandum in Support at p. 11). However, conspicuously absent from Plaintiffs' analysis is a description of the extent to which they seek to conceal their identities. In their proposed Protective Order, Plaintiffs request that this Court deny Defendant

access to their identities, permitting only counsel and counsel's employees, as well as court personnel, access to the information. (Proposed Protective Order).

In fact, preventing the release of Plaintiffs' identities to the School Board will severely prejudice Defendant's ability to effectively defend against Plaintiffs' challenges. If Defendant cannot know who Plaintiffs are, then they cannot advise counsel regarding whether Plaintiff is a student at Narrows High School, as alleged, whether he or she is currently enrolled in school, whether he or she is regularly on campus and passing by the display, Plaintiff's grade level, and other details that are necessary to respond to Plaintiffs' allegations. Similarly, without knowing the identity of Doe 2, the School Board cannot determine whether he or she is a resident of Giles County, had ever encountered the display or visited the school, or otherwise has standing to bring his or her claims. Furthermore, Plaintiffs are asking this Court to excuse them from having to appear in court, thereby denying the School Board of its right to cross-examination and to properly evaluate Plaintiffs' claims. If Defendant cannot know who Plaintiffs are and consult with counsel regarding their relationship to the school district, then Defendant cannot assist its counsel to ensure that discovery and pre-trial motions are effective and meaningful. Plaintiffs are effectively asking that Defendant be bound and gagged on the basis of inadmissible hearsay. As this Court said in *Nelson v. Green*, 2007 WL 984127 (W.D. Va. 2007), a request to proceed with a pseudonym can be granted when defendants (although not the general public) will be aware of the identify of the plaintiffs and therefore will be able to proceed. That is not the case here.

Plaintiffs have not demonstrated that they are entitled to the special dispensation that they seek. Absent proof of genuine harm and in light of the extreme prejudice that Plaintiffs' proposed Protective Order will place upon Defendant, their motion to proceed under a pseudonym and for a Protective Order should be denied. In the alternative, if this Court should

8

determine that Plaintiffs can remain anonymous, then the Court's order should permit release of the Plaintiffs' identities to Defendant's officers and agents in order to permit Defendant to mount a proper defense. Should the Court so order, it can fashion the relief to protect from disclosure to the general public, but not from those who will need to assist counsel in defending against Plaintiffs' claims. Also, Plaintiffs should be required to appear and testify in person at any evidentiary hearing or trial, with measures taken to protect their identity, such as excluding witnesses and the general public from the proceedings when Plaintiffs are present.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be denied and Plaintiffs ordered to identify Doe 1 by his or her initials and Doe 2 by his or her name. Plaintiffs' request for a protective order should be denied. Alternatively, if a protective order is granted, it should be modified to permit disclosure of Plaintiffs' identities to Defendant's officers and agents and to require that Plaintiffs appear at evidentiary hearings and trial in person, but that witnesses and the general public be excluded during times when Plaintiffs are present.

Dated: October 11, 2011.

Respectfully Submitted

/s/ Mary E. McAlister
Mary E. McAlister VSB # 76057
Richard L. Mast, Jr. VSB # 80660
Liberty Counsel
P.O. Box 11108
Lynchburg, VA 24506
(434) 592-7000 Telephone
(434) 592-7700 Fax
court@lc.org email.
Attorneys for Defendant

# CERTIFICATE OF SERVICE

On October 11, 2011, I electronically filed this document through the ECF system, which will send a notice of electronic filing to the following:

Rebecca K. Glenberg
Thomas O. Fitzpatrick
American Civil Liberties Union of Virginia Foundation, Inc.
530 E. Main Street, Suite 310
Richmond, Virginia 23219
(804) 644-8080
Fax: (804) 649-2733
rglenberg@acluva.org

Frank M. Feibelman
Cooperating Attorney for the ACLU of Virginia
5206 Markel Rd., Suite 102
Richmond, Virginia 23230
(804) 355-1300
FAX: (804) 355-4684
frank@feibelman.com

Patrick C. Elliott
Freedom From Religion Foundation
304 W. Washington Ave
Madison, Wisconsin 53703
(608) 256-8900
Fax: (608) 204-0422
patrick@ffrf.org

/s/ Mary E. McAlister
Mary E. McAlister VSB # 76057
Richard L. Mast, Jr. VSB # 80660
Liberty Counsel
P.O. Box 11108
Lynchburg, VA 24506
(434) 592-7000 Telephone
(434) 592-7700 Fax
court@lc.org email.
Attorneys for Defendant